**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOHN DOE,<br>*Plaintiff*,<br><br>v.<br><br>UNIVERSITY OF PENNSYLVANIA, *et al.*,<br>*Defendants*. | :<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION NO. 26-CV-3449 |

**ORDER**

AND NOW, this 10th day of September, 2026, upon consideration of Plaintiff John Doe's Motions to Proceed *In Forma Pauperis* (Dkt. Nos. 1, 7), Motion to Proceed under Pseudonym (Dkt. No. 3), Motions to Extend Time for Service (Dkt. Nos. 10, 11, 12), Motion for a Temporary Restraining Order or Preliminary Injunction (Dkt. No. 8), and *pro se* Amended Complaint (Dkt. No. 8) it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2. The Amended Complaint is **DEEMED** filed.

3. The Clerk of Court is **DIRECTED** to change the title of Dkt. No. 8 to "Amended Complaint." The Clerk of Court is also **DIRECTED** to add the following Defendants to the docket to reflect the Amended Complaint: Katherine Strunk, Rand Quinn, Susan A. Yoon, Ericka S. Weathers, Seiji Isotani, Jonathan Supovitz, Michael A. Gottfried, Lauren Rudick, and Leslie M. Levin.

4. Doe's Motion to Proceed under Pseudonym (Dkt. No. 3) is **DENIED**. Doe must use his legal name in any future filings in this case.

5. The Clerk of the Court is **DIRECTED** to place the redacted exhibits attached to the Plaintiff's Complaint (Dkt. No. 2-1) **under SEAL**.

6. Doe's Motion for a Temporary Restraining Order or Preliminary Injunction (Dkt. No. 8) is **DENIED**.

7. Doe's Motions to Extend Time for Service (Dkt. Nos. 10, 11, 12) are **DENIED** as premature.

8. The Amended Complaint is **DISMISSED IN PART WITH PREJUDICE** and **DISMISSED IN PART WITHOUT PREJUDICE** for the reasons stated in the Court's Memorandum, as follows:

   a. The following claims are **DISMISSED WITH PREJUDICE**: all claims asserted under 42 U.S.C. § 1983; the wrongful termination claims, and all claims asserted under the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA).

   b. The breach of contract claims are **DISMISSED WITHOUT PREJUDICE**.

9. Doe may file a second amended complaint within thirty (30) days of the date of this Order <u>limited to reasserted breach of contract claims</u>. Any second amended complaint must identify all defendants in the caption of the second amended complaint in addition to identifying them in the body of the second amended complaint and shall state the basis for Doe's claims against each defendant. The second amended complaint shall be a complete document that does not rely on the initial Complaint, the Amended Complaint, or other papers filed in this case to state a claim. <u>**Doe may not reassert claims that the Court has already dismissed with prejudice**</u>. When drafting his second amended complaint, Doe should be mindful of the Court's reasons for dismissing the claims in his Amended Complaint as explained in the Court's Memorandum. Doe

must also use his legal name in his second amended complaint. Upon the filing of a second amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

10. The Clerk of Court is **DIRECTED** to send doe a blank copy of this Court's current standard form to be used by a self-represented litigant filing a civil action bearing the above-captioned civil action number. Doe may use this form to file his second amended complaint if he chooses to do so.

11. If Doe does not file a second amended complaint and instead intends to stand on his Amended Complaint as originally pled, he may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case. Any such notice should be titled "Notice to Stand on Amended Complaint," and shall include the civil action number for this case. *See Weber v. McGrogan*, 939 F.3d 232, 241 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

12. If Doe fails to file any response to this Order, the Court will conclude that Doe intends to stand on his Amended Complaint and will issue a final order dismissing

this case.[1] *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

**BY THE COURT:**

***/s/ Gerald J. Pappert***

**Gerald J. Pappert, J.**

[1] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on her complaint. *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (*per curiam*). Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend her complaint, leaving the case without an operative pleading. *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (*per curiam*) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).