**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOHN DOE,<br>*Plaintiff*,<br><br>v.<br><br>UNIVERSITY OF PENNSYLVANIA, *et al.*,<br>*Defendants*. | :<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION NO. 26-CV-3449 |

**ORDER**

AND NOW, this 19th day of October, 2026, upon consideration of *pro se* Plaintiff John Doe's Motion to reconsider the Court's Order dismissing his ADA and RA claims with prejudice (Dkt. No. 15), Motion to Reconsider the Court's Order denying his request to proceed by pseudonym (Dkt. No. 16), and Motion for a 60-day extension to file second amended complaint (Dkt. No. 18), it is **ORDERED** that:

1. The Motion to reconsider the Court's Order dismissing his Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA") claims against the University of Pennsylvania ("Penn") with prejudice (Dkt. No. 15) is **GRANTED**.[1] Accordingly, the portion of the Court's September 10, 2026 Order dismissing Doe's ADA and RA claims with prejudice is **VACATED**. Doe may file amended ADA and RA claims against Penn in any second amended complaint he may file, consistent with this Order.

[1] In light of Doe's *pro se* status and because leave to amend should be freely given under Federal Rule of Civil Procedure 15, the Court will reconsider its September 10, 2026 Order (Dkt. No. 14) only to the extent that it dismisses Doe's ADA and RA claims against Penn with prejudice. Because individuals are not subject to liability in their personal capacity under the ADA or the RA, *see Emerson v. Thiel College*, 296 F.3d 184, 189-90 (3d Cir. 2002) (per curiam); *Matthews v. Pa. Dep't of Corr.*, 613 F. App'x 163, 169-70 (3d Cir. 2015), Doe may not reassert ADA or RA claims against individual Defendants.

2. The Motion to Reconsider the Court's September 10, 2026 Order denying his request to proceed by pseudonym (Dkt. No. 16) is **DENIED**.[2] Doe must use his legal name in any future filings in this case.

3. The Clerk of the Court is **DIRECTED** to place Dkt. No. 15 and Dkt. No. 16 under **SEAL**.

---

[2] Motions to reconsider should be granted sparingly and only "to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). It is well-established that a court may only grant a motion for reconsideration if the movant can show: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not previously available; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *See Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Doe has not shown any of these.

Doe states that reconsideration of the Court's order is necessary "to prevent manifest injustice and prevent catastrophic harm resulting from the public disclosure of highly intimate psychiatric and medical records." (Dkt. No. 16 at 1.) He does not describe what alleged catastrophic harm would result from disclosure of his name in this case, except to vaguely state that he risks "severe psychological decompensation and heightened acute distress." (*Id.* at 2.) Doe again relies on his family physician's February 18, 2026 telemedicine note, wherein he was first diagnosed with major depressive order. (*Id.* at 10-16.) The Court already considered this medical note, including the doctor's full review of his symptoms and conclusions, before denying his motion to proceed by pseudonym. Doe offers nothing new but instead asserts the same arguments he raised in his motion to proceed by pseudonym. Mere disagreement with the court's decision is insufficient to warrant reconsideration. *Boretsky v. Governor of New Jersey*, 433 F. App' x 73, 78 (3d Cir. 2011) (*per curiam*). While the Court sympathizes with his medical issues, Doe has not shown how disclosure of his identity would cause him severe harm. *See Doe v. Hillsborough Twp. Bd. of Educ.*, No. 23-22597, 2024 WL 4028293, at *7-9 (D.N.J. Aug. 30, 2024) (concluding that plaintiff's fear that disclosure of his identity would exacerbate anxiety, depression, and mental health issues was "speculative" and not reasonable).

It seems from his motion to reconsider that Doe is most concerned about disclosure of his medical records. (*See* Dkt. No. 16 at 6.) However, as explained in its September 10, 2026 Memorandum, the Court has sealed all exhibits in this case, including medical records, and they will remain sealed. Thus, there is no risk that the public will gain access to Doe's medical or psychiatric records. If Doe must include these records as exhibits in future filings, he should request that the exhibits be placed under seal. In addition, out of an abundance of caution, the Court will place under seal the motions to reconsider addressed in this Order as they describe his medical conditions in detail. Doe should avoid describing his medical conditions in any pleadings he files in this case if he wishes to keep them confidential.

4. The Motion for a 60-day extension to file second amended complaint (Dkt. No. 18) is **GRANTED**. Plaintiff may file his amended complaint on or before December 9, 2026. No additional extensions will be granted.

5. If Doe fails to file a second amended complaint or otherwise respond to this Order, the Court will conclude that Doe intends to stand on his Amended Complaint and will issue a final order dismissing this case.[3] *See Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984); *Weber v. McGrogan*, 939 F.3d 232, 239-40 (3d Cir. 2019) (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

**BY THE COURT:**

***/s/ Gerald J. Pappert***

**Gerald J. Pappert, J.**

---

[3] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on her complaint. *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (*per curiam*). Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend her complaint, leaving the case without an operative pleading. *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (*per curiam*) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).